CANADY, C.J.,
concurring in part and dissenting in part.
I agree with Justice Polston that the error at issue here does not fall within the category of per se reversible error. I therefore disagree with the majority’s decision that requires a new trial. Instead, I would reverse and remand to the district court for a determination of whether the error was harmful.
In State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986), we recognized that a rule of per se reversible error is a “draconian measure.” Rejecting the view that the constitutional violation at issue in DiGuilio required such a rule of per se reversal, we unequivocally held that “[p]er se reversible errors are limited to those errors which are ‘so basic to a fair trial that their infraction can never be treated as harmless error.’ ” Id. at 1135 (emphasis added) (quoting Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). We further acknowledged the high cost of improperly categorizing a type of error as “per se reversible”: “[I]f an error which is not always harmful is improperly categorized as per se reversible, the court will erroneously reverse an indeterminate number of convictions where the error was harmless.” Id.
As indicated by our reliance on Chapman, our understanding of per se reversible error in DiGuilio was rooted in the federal law concerning constitutional error. The United States Supreme Court has repeatedly recognized that even constitutional errors are ordinarily subject to harmless-error analysis. Only constitutional errors that “necessarily render a trial fundamentally unfair” can be held to “require reversal without regard to the evidence in the particular case.” Rose v. Clark, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).
“Harmless-error analysis ... presupposes a trial, at which the defendant, represented by counsel, may present evidence and argument before an impartial judge and jury.” Id. at 578, 106 S.Ct. 3101. Accordingly, the denial of counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), or the presence of a biased adjudicator, see Turney v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927), ai’e “errors that could never be *1012 harmless.” Rose, 478 U.S. at 578 n. 6, 106 S.Ct. 3101. Per se reversal is an appropriate response to the absence of the “basic protections” without which a “criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.” Id. at 577-78, 106 S.Ct. 3101 (citation omitted).
But such errors that require reversal automatically “are the exception and not the rule.” Id. at 578, 106 S.Ct. 3101. Indeed, the Supreme Court has articulated a presumption against per se reversal: “[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis.” Id. at 579, 106 S.Ct. 3101.
The Supreme Court has identified errors “which defy analysis by ‘harmless-error standards’ ” as errors which result in “structural defects in the constitution of the trial mechanism” — “structural defect[s] affecting the framework within which the trial proceeds, rather than simply an error in the trial process.” Arizona v. Fulminante, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (emphasis added). The unlawful exclusion of members of the defendant’s race from a grand jury, see Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), the denial of the right to self-representation at trial, see McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), and the denial of the right to public trial, see Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), are examples of structural defects not subject to harmless-error analysis. Fulminante, 499 U.S. at 310, 111 S.Ct. 1246.
Given the nature of such structural error, it is not surprising that the Supreme Court has “found an error to be ‘structural,’ and thus subject to automatic reversal, only in a ‘very limited class of cases.’ ” Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (quoting Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). The Supreme Court has repeatedly rejected claims that various errors were not subject to harmless-error analysis. See, e.g., Washington v. Recuenco, 548 U.S. 212, 221-22, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (holding that failure to submit a sentencing factor to the jury was not a structural error and thus was subject to harmless-error review); Neder, 527 U.S. at 10, 119 S.Ct. 1827 (holding that trial court’s error in omitting an element of a crime from the jury instructions was subject to harmless-error analysis); Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding that improper denial of a defendant’s right to impeach a witness under the Confrontation Clause was subject to harmless-error analysis); United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (holding that prosecutor’s improper comments about defense’s failure to present evidence were subject to harmless-error analysis).
Here, the trial court’s error did not create a “structural defeet[] in the constitution of the trial mechanism.” Fulminante, 499 U.S. at 309, 111 S.Ct. 1246. It is totally implausible to suggest that a defendant has a right to have testimony read back to the jury which is “basic to a fair trial,” DiGuilio, 491 So.2d at 1135, or that the possible failure to read back testimony that may have arisen from the trial court’s erroneous instruction “necessarily rendered] [the] trial fundamentally unfair,” Rose, 478 U.S. at 577, 106 S.Ct. 3101. As the majority acknowledges, a trial court may exercise its discretion to deny a request to have testimony read back to the *1013 jury. Majority op. at 1006 n. 4 (citing State v. Riechmann, 777 So.2d 342, 365 (Fla.2000)). Since whether to have testimony read back to the jury is a discretionary matter, it cannot be the case that the erroneous instruction resulted in the denial of a “basic protection[ ]” necessary for a criminal trial to “reliably serve its function as a vehicle for determination of guilt or innocence.” Rose, 478 U.S. at 577-78, 106 S.Ct. 3101.
There is no principled basis for distinguishing the error here from other jury instruction errors which are subjected to harmless-error analysis. See, e.g., Hunter v. State, 8 So.3d 1052, 1071 (Fla.2008) (applying harmless-error analysis to trial court’s use of the term “and/or” in jury instructions), cert, denied, — U.S. -, 129 S.Ct. 2005, 173 L.Ed.2d 1101 (2009); Cardenas v. State, 861 So.2d 384, 393 (Fla.2004) (applying harmless-error analysis to trial court’s error in instructing the jury on the presumption of impairment in a driving with an unlawful blood — or breath — alcohol level case); Lara v. State, 699 So.2d 616, 618 (Fla.1997) (applying harmless-error analysis where the trial court gave an unconstitutional jury instruction regarding an aggravating factor).
The trial court’s error therefore should be evaluated in the full context of the trial to determine if it was harmless.
POLSTON and LABARGA, JJ., concur.